IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| Baron Jimmerson and Kimberly Y. Jimmerson, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 1:15-01020 |
| Wilson & Associates, PLLC and ) | |
| Nationstar Mortgage, LLC, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On referral for report and recommendation are the motion of Plaintiffs for a temporary injunction [D.E. 7] and the motions of Defendants Wilson & Associates, PLLC [D.E. 8, 8-1] and Nationstar Mortgage, LLC [D.E. 10] to dismiss for failure to state a claim.

### Relevant Background

Plaintiffs Baron and Kimberly Jimmerson purchased the property at 5 Hayworth Cove, Jackson, Tennessee in 2004 and their mortgage of $113,400.00 ultimately was assigned to Defendant Nationstar Mortgage, LLC ("Nationstar").

According to the Plaintiffs, in 2013, they attempted to modify their mortgage and during negotiations, their monthly payments became delinquent. Defendant Nationstar, through its substitute trustee, Defendant Wilson and Associates ("Wilson") foreclosed on the property December 4, 2014 and then sought eviction of the Plaintiffs. On January 21, 2015, the Plaintiffs obtained a temporary restraining order from Madison County, Tennessee Chancellor James Butler and the Chancellor set a hearing on this matter. However, before this hearing by the

Chancellor, Defendant Nationstar removed the case to this U.S. District Court and the Co-Defendant Wilson consented to this action.

Argument

The Plaintiffs argue that they did not have proper notice of the foreclosure and want to set it aside and also stop the eviction efforts. Plaintiffs also affirm that the terms of their trust deed required notice of sale by (1) public advertisement in the county in which the property is located for the time and in the manner provided by applicable law and (2) the lender or Trustee shall mail a copy of the notice of sale to the to the borrower in the manner provided in the trust deed.

This Court held a brief telephone conference with the attorneys on February 23, 2015 and counsel for Plaintiffs reaffirmed their concession on the mail notice requirement of the deed of trust.[1] However, Plaintiffs contest the validity of the newspaper advertisement of the notice of sale. Plaintiffs complain the publication appeared in a Shelby County, Tennessee business newspaper and was printed in Shelby County. Plaintiffs assert this was not the required newspaper in general circulation in Jackson and Madison County, Tennessee. They argue that section 22 of the trust deed requires strict compliance with the advertisement of the sale and as such, the Shelby County publication is inadequate and a failure of that requirement.

Indeed, this trust deed provision requires (1) notice of sale to be given by public advertisement in the county where the Property is located (2) in accord with the applicable law.

First as to the public notice in the county of the property, Defendants establish that the newspaper in which this foreclosure was published was *The* [Memphis] *Daily News* (*The Daily News*) and The Proof of Publication states, in relevant part: "The Daily News Publishing

---

[1] Also, see Nationstar's Motion to Dismiss, page 4 [D.E.10-1].

Company, the Publisher of *The Daily News*, a daily newspaper of general circulation and the Publisher of *The Daily News,* a weekly newspaper of general circulation hereto attached publication appeared in *The Daily News* on the following dates: October 31, 2014, November 7, 2014 and November 14, 2014. Tenn. Code Ann. §35-5-10(a) states: In any sale of land to foreclose a deed of trust, mortgage or other lien securing the payment of money or other thing of value or under judicial orders or process, advertisement of the sale shall be made at least three (3) different times in some newspaper published in the county where the sale is to be made."

Also unrebutted is the affidavit of the Publisher of *The Daily News* for the past twelve years, who states this newspaper has run public notices, foreclosure notices, bid notices and other public notices in various counties, including Madison County, Tennessee since 2012 and that as of October 31, 2014, *The Daily News* was distributed in approximately sixty-six (66) locations throughout Madison County, Tennessee.

Lastly, Defendants cite *Thacker v. Shapiro & Kirsch, LLP, Paul Abraham and the Knoxville News Sentinel*, 354 S.W.3d 733, 737 (Tenn. Ct. App. 2011) which finds the word "publish" to mean "to make generally known," and holding that publication in an out-of-county newspaper that was in general circulation in the county of the foreclosure sale provided legally sufficient publication notice.

<u>Report and Recommendation</u>

Regarding the requested injunctive relief, when considering a motion for preliminary injunction a district court must balance four factors:

(1) Whether the movant has a strong likelihood of success on the merits;

(2) Whether the movant would suffer irreparable injury without the injunction;

(3) Whether the issuance of the injunction would cause substantial harm to others; and

(4) Whether the public interest would be served by the issuance of the injunction.

*Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). As Plaintiffs note, the judge "is not required to make specific findings concerning each of the four factors used in determining a motion or preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).

As set forth above, case law on point indicates that the notice given was valid, therefore there is no likelihood of success on the merits by the Plaintiffs. This factor is dispositive of the issue. The Magistrate Judge recommends the request for injunctive relief be DENIED.

Next, the Magistrate Judge considers the motions to dismiss effectively shared by the two Defendants. In order to withstand a Rule 12 (b)(6)motion to dismiss, Plaintiffs here must "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d929 (2007). As Defendants acknowledge, when the Court considers this motion, it views the complaint in the most favorable light and accepts the allegations as true and draws all reasonable inferences in favor of Plaintiffs. *KSR Int'l Co. v. Delphi Auto. Sys.*, 523 Fed. Appx. 357, 358-59 ((6th Cir. 2013).

A bare allegation that the newspaper publication provided insufficient notice of a foreclosure sale does not raise the right to relief above the speculative and will not state a claim for which relief can be granted under the federal standard. *Peoples v. Bank of Am.*, No. 11-2863-STA, 2012 WL 601777, at *5—6 (W.D. Tenn. Feb. 22, 2012). The Magistrate Judge finds the *Peoples* case to be factually similar and controlling precedent. That case concerned a delinquent homeowner who was in loan modification discussions and foreclosure. He claimed he did not

receive notice or <u>proper</u> notices of the foreclosure. The first notice was the mail notice required by Section 15 of the deed of trust.[2] The remaining dispute involved only the newspaper publication notice pursuant to Section 22 of the deed of trust. United States District Judge S. Thomas Anderson determined that Section 22 required a Trustee to "give notice by public advertisement in the county in which the property is located for the time and in the manner provided by Applicable Law" and held that the applicable law was Tenn. Code Ann. §35-5-101. Judge Anderson then relied on the Proof of Publication, which attested that publication was made in a newspaper circulated in the subject county to hold that the defendant had satisfied the publication notice requirement. As such, Judge Anderson found that the plaintiff had failed to state a plausible claim for relief based on inadequate notice or breach of the Deed of Trust.

In this case the unrebutted proof is *The Daily News* published the notice of the foreclosure sale consistent with the requirements of the deed of trust. The Proof of Publication -- as the affidavit of the publisher -- also attests to the requirement that the newspaper is distributed throughout Madison County, which is where Plaintiffs' property is located. While Plaintiffs have made the unsupported allegation that *The Daily News* is not in general circulation in Jackson, Tennessee, this Magistrate Judge has not accepted the unsupported allegation. Like *Peoples*, where the proof of Publication was dispositive and bare allegations about insufficiency of the publication notice were insufficient to overcome the motion to dismiss, Plaintiffs here have failed to state a plausible claim for relief. 2012WL601777, at*5-6.

Based upon all of the above, the recommendation is that the District Court grant the motions of the Defendants to dismiss for failure to state a claim.

---

[2] As noted, this is no longer at issue in the case at hand.

Respectfully submitted this 27th day of March, 2015.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**