IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BARON JIMMERSON and KIMBERLY
JIMMERSON,

    Plaintiffs,

v.                               No. 15-1020

WILSON & ASSOCIATES, PLLC, as
successor trustee, and NATIONSTAR
MORTGAGE, LLC.

    Defendants.

_____

ORDER ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION
_____

Before the Court are the February 10, 2015, motion of Plaintiffs, Baron and Kimberly Jimmerson, for a temporary injunction, (D.E. 7); the February 5, 2015, motion of Wilson & Associates, PLLC (Wilson & Associates), to dismiss for failure to state a claim, (D.E. 8; D.E. 8-1); and the February 11, 2015, motion of Nationstar Mortgage, LLC (Nationstar), to dismiss for failure to state a claim, (D.E. 10). United States Magistrate Judge Edward G. Bryant entered a report and recommendation on March 27, 2015, advising the undersigned that, in his opinion, the motion for a temporary injunction should be denied and the motions to dismiss should be granted. (D.E. 17.) No objections have been filed, and, upon review of the briefs, the report and recommendation is hereby ADOPTED IN PART and REJECTED IN PART.

By enacting 28 U.S.C. § 636, Congress intended "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to [magistrate judges.]" *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). When a report and

recommendation prepared by a magistrate judge concerns a dispositive motion, upon the filing of objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Where no objections have been filed, "the statute does not require the judge to review an issue *de novo*," yet "it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985); *see also Arora v. Life Ins. Co. of N. Am.*, No. 12-CV-13773, 2015 WL 1510397, at *1 (E.D. Mich. Mar. 31, 2015) ("[A]s a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, a district judge is entitled to review the magistrate judge's findings of fact and conclusions of law." (citing *Thomas*, 474 U.S. at 154)). To clarify an important point of procedural law, the Court will exercise its discretion to review the report and recommendation absent an objection. *See Kaufman v. Carter*, 952 F. Supp. 520, 525 (W.D. Mich. 1996).

On January 21, 2015, the Jimmersons filed a petition in the Madison County, Tennessee, Chancery Court to set aside a foreclosure sale of their Jackson, Tennessee, property and requested a temporary restraining order against Defendants preventing them from beginning eviction proceedings. Plaintiffs argued that they did not receive notice of the sale and that the public notice was made only in Memphis's *Daily News*, which, according to Plaintiffs was not in general circulation in Jackson. The chancery court granted the temporary restraining order. Wilson & Associates filed a motion to dismiss the petition, and, on February 4, 2015, Nationstar filed a notice of removal in this Court. On February 10, 2015, Plaintiffs moved this Court to grant a preliminary injunction. The next day, Nationstar joined the motion to dismiss and filed a

2

memorandum providing further support. The Court referred the pending motions to the magistrate judge for a report and recommendation on February 18, 2015.

As an initial matter, the Court adopts the portion of the report and recommendation concerning the motion for a preliminary injunction. The magistrate judge applied the correct standard and properly denied the motion because Plaintiffs could not show a likelihood of success on the merits. *See Child Evangelism Fellowship of Ohio, Inc. v. Cleveland Metro. Sch.*, ___ F. App'x ___, 2015 WL 1261402, at *4 (6th Cir. 2015) ("Because [the plaintiff] cannot demonstrate a likelihood of success on the merits of its claim, we need not consider the other preliminary injunction factors.").

Regarding the motion to dismiss, Rule 12 permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, a district court should "construe [the] complaint in the light most favorable" to the non-moving party and accept all "well-pled allegations as true." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 274 (6th Cir. 2010) (citing *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). A claim is well-pled when "it contains 'either direct or inferential allegations respecting all material elements' necessary for recovery under a viable legal theory." *Phil. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry*, 604 F.3d at 275–76). The complaint must also "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

In considering a Rule 12(b)(6) motion, however, a court must generally only consider matters within the pleadings. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). "If . . . matters outside the pleadings are presented to *and not excluded* by the [C]ourt, the

motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added). When the parties present extrinsic evidence, therefore, the Court has discretion over whether to consider it. *Ky. State Dist. Council of Carpenters, AFL-CIO v. Wehr Const., Inc.*, No. 92-5931, 1993 WL 288277, at *4 n.2 (6th Cir. 1993) (per curiam).[1] "Only when such consideration is actually made, however, is an initial motion to dismiss for failure to state a claim upon which relief can be granted to be treated as a motion for summary judgment." *Id.*

The report and recommendation relied, in part, on information submitted in an affidavit in denying the motion to dismiss. As stated above, this reliance would convert the motion to dismiss to one for summary judgment, making the Rule 56 standard applicable. Therefore, to the extent the report and recommendation considered the affidavit in connection with the motion to dismiss, it is rejected.

Even without the affidavit, however, the motion to dismiss should still be granted. In their chancery court petition,[2] The Jimmersons state that they are entitled to have the foreclosure set aside because "one of the Plaintiffs did not receive actual notice of the sale" and that the sale was not properly advertised under the terms of the deed of trust. (D.E. 1-2 at 7.)

Section 22 of the deed of trust[3] provides that,

---

[1] Although *Kentucky State District Council of Carpenters* was decided under the old Rule 12(c), the predecessor to Rule 12(d), *see Ky. State Dist. Council of Carpenters*, 1993 WL 288277, at *4 n.2, the Advisory Committee Notes to Rule 12 make clear that the 2007 amendments that established Rule 12(d) were "intended to be stylistic only."

[2] As discussed above, consideration of a 12(b)(6) motion is limited to the pleadings. The parties all appear to assume that the petition qualifies as a "pleading" for purposes of the motion to dismiss. *See* Fed. R. Civ. P. 7(a) (outlining the pleadings allowed). The Court will therefore treat the petition as a complaint. *See Dunkle v. Bank of N.Y. Mellon*, No. 3:11-CV-01242, 2012 WL 1357637, at *1 (M.D. Tenn. Apr. 19, 2012) (construing a chancery court petition to stay a foreclosure as a complaint for 12(b)(6) purposes), *report and recommendation adopted*, No. 3-11-1242, 2012 WL 1681973 (M.D. Tenn. May 14, 2012).

[3] Plaintiffs attached the deed of trust as an exhibit to their petition. (*See* D.E. 1-2 at 7, 10.) This makes the deed of trust part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002).

> [i]f Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by Applicable Law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in Section 15.

(*Id.* at 20.) In turn, Section 15 states that

> [a]ll notices . . . must be made in writing. Any notice . . . shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.

(*Id.* at 18.) The agreement defines "Applicable Law" as "all controlling applicable federal, state[,] and local statutes, regulations, ordinances[,] and administrative rules and orders (that have the force of law)[,] as well as all applicable final, non-appealable judicial opinions." (*Id.* at 11.)

Plaintiffs admit that "notice of [the] foreclosure [was delivered] by certified mail on or about October 27, 2014[,] from Wilson [&] Associates," but their petition states that they are entitled to relief because one of them "did not receive actual notice of the sale . . . ." (*Id.* at 6–7.) The deed of trust makes clear that delivery to the notice address suffices to put both Plaintiffs on notice, unless some source of law specifically provides otherwise. Plaintiffs do not point to any such source of law. "[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Creelgroup, Inc. v. NGS Am., Inc.*, 518 F. App'x 343, 347 (6th Cir. 2013) (quoting *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012)) Further, this Court is not "constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely . . . ." *In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001); *see also*

*Williams*, 498 F. App'x at 536 (citing *Livent* for this proposition with approval). Here, the deed of trust contradicts Plaintiffs' allegations that the notice mailed to their residence was insufficient. In this regard, they have failed to state even a cognizable claim for relief, much less a plausible one. *See Goins v. Barnes & Noble.Com LLC*, No. 3:11-00015, 2011 WL 846846, at *1 (M.D. Tenn. Mar. 8, 2011) ("[I]t is possible for a plaintiff to 'plead [her]self out of court by pleading facts that show [s]he has no legal claim.'" (second and third alterations in original) (quoting *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011)).[4]

On the issue of improper publication, the agreement states that the public notice of the sale was to take place in Madison County, where the property is located, "in the manner provided by Applicable Law." (D.E.1-2 at 20.) Under Tennessee law, "[i]n any sale of land to foreclose a deed of trust, . . . advertisement of the sale shall be made at least three (3) different times in some newspaper published in the county where the sale is to be made." Tenn. Code Ann. § 35-5-101(a). The current version of the statute abandoned the previous "requirements [that] the newspaper used for notice of the sale be printed in the county and also have the largest circulation in the county . . . ." *Thacker v. Shapiro & Kirsch, LLP*, 354 S.W.3d 733, 736 (Tenn. Ct. App. 2011), *appeal denied*, (Tenn. Oct. 18, 2011). The Tennessee Court of Appeals held, therefore, that notice in "a paper of general circulation" in the county where the property is located will satisfy the publication requirement. *Id.* at 737.[5]

---

[4] Moreover, the report and recommendation states that, during a telephone conference, Plaintiffs conceded that the mailed notice was consistent with Defendants' obligations under the deed of trust.

[5] Plaintiffs insist that *Thacker*'s rationale does not apply because "'Applicable Law' does not supersede the agreement between the parties" relating to public notice of the sale. (D.E. 11 at 2.) The problem with this line of reasoning is that it ignores the language of the agreement. The deed of trust provides that "Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and *in the manner provided by Applicable Law* . . . ." (D.E. 1-2 at 20) (emphasis added). The agreement thus incorporates "Applicable Law" as it relates to advertising the sale. Under the agreement, "Applicable Law" includes "applicable . . . state . . . statutes," (*Id.* at 11), of which Tenn. Code Ann. § 35-5-101 is one. *Thacker*, in turn, interpreted Tenn. Code Ann. § 35-5-101. *See Thacker*, 354 S.W.3d at 736–37. While the Court is not bound by a decision from the Tennessee

In the petition, Plaintiffs allege that "Defendants advertised the sale only in the Memphis Daily News [sic], a newspaper that is not in general circulation in Jackson, [Tennessee]," citing the attached proof of publication for support. (D.E. 1-2 at 7.) The proof of publication states that, in fact, the notice appeared on October 31, November 7, and November 14, 2014, in *The Memphis News*, which is "*a weekly newspaper of general circulation* both printed in the City of Memphis, County of Shelby and State of Tennessee *and distributed throughout* Shelby, Fayette, Tipton[,] and *Madison* counties in Tennessee . . . ." (D.E. 1-2 at 23) (emphasis added).[6] The proof of publication, which the petition relied on, indicates that Defendants published notice at the correct time, for the correct number of times, and in a newspaper that was in general circulation throughout Madison County. As noted above, this Court need not accept as true allegations that are contradicted by the supporting attached document. *See In re Livent*, 151 F. Supp. 2d at 405–06; *see also Williams*, 498 F. App'x at 563 (citing *Livent* with approval). Accordingly, Plaintiffs have failed to plausibly plead that the public notice was improper.

For the reasons stated above, the motion for temporary injunction is DENIED, and the motion to dismiss is GRANTED.

IT IS SO ORDERED this 24th day of April 2015.

          s/ J. DANIEL BREEN
          CHIEF UNITED STATES DISTRICT JUDGE

---

Court of Appeals in determining Tennessee law, a "federal court should heed the decisions of the intermediate appellate state courts except where [it] is persuaded that the highest court of the state would not so decide . . . ." *Pack v. Damon Corp.*, 434 F.3d 810, 818 (6th Cir.2006) (citations omitted). Plaintiffs have not presented any argument, persuasive or otherwise, that the Tennessee Supreme Court would not follow *Thacker*.

[6] As with the deed of trust, the proof of publication is part of the pleadings for 12(b)(6) purposes because Plaintiffs attached it as an exhibit to their petition. *See supra* note 3.